BANK OF AMERICA *vs.* WILLIAM G. WILSON.

Norfolk.    March 10, 1904. — June 23, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Bills and Notes.*

The holder of a promissory note can sue the second indorser without first demanding payment from the first indorser, and it is no defence to the action against the second indorser that the plaintiff made an agreement with the first indorser to proceed against the second indorser only.

CONTRACT on two promissory notes for $10,000 each, made by the Driggs-Seabury Gun and Ammunition Company to its own order and indorsed by that company, by James B. M. Grosvenor and by the defendant in the order named. Writ dated April 23, 1902.

At the trial in the Superior Court before *Harris,* J., the defendant made the offer of proof stated in the first paragraph of the opinion. The judge ordered a verdict for the plaintiff in the sum of $16,388.19 ; and the defendant alleged exceptions.

*C. K. Cobb,* for the defendant.

*C. E. Rushmore,* (of New York,) for the plaintiff.

LORING, J.   This is an action by the holder of two negotiable promissory notes against the second of two indorsers on them. The defendant admitted his liability unless the facts stated in his offer of proof constituted a defence.   The defendant offered to prove that this action was brought against the second indorser alone, at the request of the first indorser, one Grosvenor by name, under an agreement between Grosvenor and the plaintiff to guarantee to the plaintiff the payment of its expenses of this action, not to take advantage of any defence which might arise by reason of this action having been brought by it, and admitting his liability on the notes ; that both indorsers are solvent and are inhabitants of the State of New York, as is the plaintiff ; and that no effort has been made to collect the notes from Grosvenor as the first indorser.   The defendant did not offer to prove that the plaintiff had received or held any collateral from Grosvenor or from the maker of the note, and admitted that there was no such collateral.

The presiding judge directed a verdict for the plaintiff, and the case is here on an exception taken to that ruling.

In support of his contention the defendant has made an argument based on the assumption that the relation between Grosvenor and the defendant, the first and second indorsers, is that of principal and surety, the defendant the second indorser being the surety.   There is no pretence on the part of the defendant that he offered to prove that such was in fact the relation between this defendant and Grosvenor.   Indeed the defendant in his brief states that in his answer the fact is alleged that "the defendant's indorsement, as between the defendant and Grosve-

nor, the prior indorser, was for the accommodation of Grosvenor. That the plaintiff, knowing these facts, 'combined with said Grosvenor to bring this action against the defendant wholly in °the interest and for the benefit of said Grosvenor, who is the sole and only party in interest in the prosecution thereof'," but it is not pretended in the brief that there was any offer to prove this allegation.

The case before us therefore is the ordinary case of two indorsers of a negotiable promissory note, each of whom is directly liable to the holder if the holder elects to demand payment from him ; and where, if the holder elect to demand payment of the last indorser first, it becomes his duty to meet his obligation and his right, on doing so, to look to the prior indorser for repayment of the amount due on the note.

As between a first and second indorser the first indorser is ultimately liable for payment of the note, but he is not primarily liable for it as between himself and subsequent indorsers in the sense that as between a principal and surety the principal is primarily liable.    It is not the duty of the first indorser, as between himself and a subsequent indorser, to pay in the first instance.

A prior indorser is entitled to the delay consequent on demand for payment being made in the first instance on a subsequent indorser.    And he is at liberty to arrange with the holder to secure such delay by procuring such a demand.    It is plain that such a delay was Grosvenor's sole object in the agreement he made with the plaintiff.

It is not necessary to consider whether the defendant is right in his contention that such an agreement as was made in the case at bar by Grosvenor is a defence when made by one primarily liable.    That question did not arise in this case.

The entry must be

*Exceptions overruled.*